[No. 17399.  Department One.  November 15, 1922.]

*In the Matter of the Estate of* EMILY PASSAGE.
P. R. PASSAGE, *Respondent,* v. HESTER BUSS,
*as Executrix etc., Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (38) — EXECUTION OF TRUST — FILING BOND—POWERS OF COURT—STATUTES. Under the restrictions of Rem. Comp. Stat., § 1462, the court has no authority to require the executor of a nonintervention will, providing that no bond need be given, to give a bond before removing property from this state, in the absence of any showing that he had not "faithfully discharged" the trust, or that any one had been or is about to be damaged.

Appeal from an order of the superior court for King county, Dykeman, J., entered June 17, 1922, requiring the filing of a bond by the executrix of an estate. Reversed.

*W. H. Bolen,* for appellant.
*Karr & Gregory* and *H. G. Sutton,* for respondent.

MACKINTOSH, J.—The appellant was appointed executrix and trustee under the nonintervention will of Emily Passage. One of the heirs, through his guardian, petitioned the probate court to order the appellant to file a bond "for the faithful performance of her duties as executrix and trustee of the estate" and to not remove the property of the estate from this state. Such order was made, from which this appeal is taken.

Without passing upon the interesting questions involving the jurisdiction of the court in probate to entertain such a petition, or the effect of the probate code of 1917 upon the prior holdings of this court concerning the effect of nonintervention wills, or the power of

[1] Reported in 210 Pac. 370.

the probate court under § 1462, Rem. Comp. Stat., to do other than remove the executrix, we will decide this case upon the presumption that the respondent's petition properly presented to the probate court a matter of which it could take cognizance under § 1462, which provides that:

"—if the person named in the will shall fail to execute the trust faithfully and to take care and promote the interest of all parties, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heir, it shall be the duty of the court to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them have been or are about to be damaged by such actual doings of the executor, then, in the discretion of the court, administration may be had and required as is now required in the administration of estates. . ."

The brief statement of facts discloses no such situation as calls for the court's action under the language just quoted. The testimony shows that "the trust in such will" is being "faithfully discharged," and that no one is, or has been, or is "about to be damaged by such actual doings of the executrix." The will expressly provides that no bond is required from executrix or trustee, and the court was, under the evidence, not warranted in exacting one. The mistake in making the order is emphasized by the fact that it only purports to order the execution of a bond and to forbid the removal of the property, and does not attempt to provide "administration be had and required as is now required in the administration of estates."

Judgment reversed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.